1. Lɪᴍɪᴛᴀᴛɪᴏɴ ᴏғ Eꜱᴛᴀᴛᴇꜱ—Pᴏᴡᴇʀꜱ.—Under deed of land in 1874 to A, in trust for the sole and separate use, benefit, and behoof of B, a married woman, and her children (she then having children), with the provision, that upon the written request of B, the trustee may sell, dispose of, and convey any part, or the whole, of the said land and make good titles thereto and receive the purchase money and pay the same

over to B or her order, the married woman took an equal share with each of her children ; and she having parted with her interest by a mortgage executed by the trustee on her written request, and a foreclosure and sale thereunder, her power under the deed was exhausted, and the purchaser became entitled to her share, and to a partition of the land between himself and the children.

2. Trusts—Execution.—The trustee having no duties to perform after the execution of the deed which conveyed B's interest, the trust was then executed, and the children of B took vested legal interests, which were subject to levy and sale under execution.

Before Witherspoon, J., Chesterfield, February, 1890.

This was an action by John T. McNair against Laura S. Craig and others for partition. The rights of the parties grow out of a deed of Sallie P. Craig, whereby she conveyed a tract of land to "W. D. Craig, for the sole and separate use, benefit, and behoof of Mrs. Laura S. Craig and her children, * * * to have and to hold all and singular the said premises unto the said W. D. Craig, trustee as aforesaid, his heirs, assigns, and successors," with general warranty. The deed also contained the power quoted in full in the opinion of this court.

The Circuit decree, after reciting the history of the case, proceeded as follows :

At the hearing, the defendant, Weiters, waived a trial by jury. In his original complaint plaintiff did not seek to have the 40 acres partitioned, and resisted motion by defendant to have the complaint amended so as to make the defendant, Otto F. Weiters, a party. The defendants who raised the issue as to the title to the 40 acres of land, *have failed* either to locate the 40 acres or to establish that the title to the 40 acres is in the trustee, W. D. Craig, as alleged by them. The defendant, O. F. Weiters, declined to offer any testimony. The plaintiff should not be delayed in the progress of his action to allow the trustee and other tenants in common further time and another opportunity to establish the trustee's title or right to possession of the 40 acres of land. It is therefore ordered and adjudged, that the complaint be *dismissed* as to the defendant, Otto F. Weiters, with costs to be paid by W. D. Craig, trustee, and the other defendants, tenants in common under the trust deed, as aforesaid. While Laura S. Craig must

be regarded as having exercised her power of disposal under the trust deed to the extent of her individual interest in the mortgaged land, as a tenant in common with her children under the trust deed, yet she is still at liberty to exercise her said power of disposal as to the interest of the other tenants in common (her children) under said trust deed. At the date of the execution of the trust deed, Laura S. Craig and her eight children were each entitled, as tenants in common, to the one-ninth interest in the trust land.

Upon the death of Sallie P. Russell, one of the said tenants in common, prior to the sale under the judgment of foreclosure, the said Laura S. Craig, as heir at law of her deceased daughter, Sallie P. Russell, became entitled to the one one-hundred and forty-fourth distributive share, making the aggregate interest of Laura S. Craig in the whole of the trust land seventeen one-hundred and forty-fourth parts thereof. Under the decision in *Wallace* v. *Craig, supra*, it is clear that plaintiff, as a purchaser at the foreclosure sale, acquired the interest of Laura S. Craig, as tenant in common, in the 240 acres, more or less, embraced in the mortgage executed by W. D. Craig as trustee.

The mortgage executed by W. D. Craig, as trustee, contains the usual general covenant of warranty, and I conclude that Laura S. Craig would be estopped from denying that the interest that she acquired as heir at law of Sallie P. Russell in the 240 acres, more or less, embraced in the mortgage, passed to plaintiff as purchaser at the sale under the judgment of foreclosure. I conclude that plaintiff, as purchaser at the sale under the judgment of foreclosure, becomes entitled to the interest of Laura S. Craig in the 240 acres, more or less, embraced in the mortgage as tenant in common and as heir at law of Sallie P. Russell, amounting in the aggregate to seventeen one hundred and forty-fourths of the land embraced in said mortgage.

At the date of the sale and purchase under the execution of Fred. B. Craig's interest in the land under the trust deed, the trustee, W. D. Craig, had not executed his trust under said deed, as he would still be bound to the execution of his trust by conveying the trust land (excepting, of course, the individual interest of Laura S. Craig in the 240 acres, more or less, which has

passed to plaintiff) as Laura S. Craig might direct.   I therefore conclude that the interest of Fred. B. Craig in the trust land was not subject to levy and sale, and that the plaintiff did not acquire any interest in the trust land as purchaser under execution against the said Fred. B. Craig.

The objection is urged, that the court should not direct a writ in partition to issue, as it might defeat the object of the trust. There is force in this objection, so far as a partition of the land might affect the interest of the beneficiaries other than that of Laura S. Craig.   Certainly Laura S. Craig is not in a position to urge this objection for her individual benefit as against the plaintiff.   It does not now appear that the plaintiff cannot have his interest in the 240 acres, more or less (under the mortgage), severed from the remainder of the trust land, and assigned him without prejudice to the rights of those interests in said remainder.   The results of issuing the writ in partition cannot be determined until the coming in of the report of the commissioners in partition.   I think that the plaintiff is entitled to a writ in partition, and it will be time enough, upon the coming in of the report of the commissioners, for the court to further adjudicate the rights of the parties to this action.

In the amended complaint in *Wallace* v. *Craig et al.* (5 paragraph), the plaintiff designates one of the lines as unintentionally omitted in the description of the 240 acres of land, more or less, in the mortgage executed by W. D. Craig as aforesaid, and prayed that said omission might be corrected by the insertion of the said designated omitted line in its proper place in the mortgage.   In referring to this point, the Circuit Judge states in his decree, clearly it was a mistake in the "description. * * * Is susceptible of easy correction by simply closing in the lines. * * * Let it be done as prayed in complaint."   No exception was taken to this part of the Circuit Judge's decree.

It is ordered and adjudged, that the usual writ in partition do issue to five discreet persons, two to be selected by the plaintiff, two by trustee, W. D. Craig, and one by clerk of court for Chesterfield County, any three of whom may act to divide the land hereinafter described between the plaintiff, John T. McNair, and the trustee, W. D. Craig, allotting or assigning to each, if practi-

.cable, the following proportions thereof, to wit : to the plaintiff, John T. McNair, seventeen one-hundred and forty-fourths (17-144) parts thereof, and to W. D. Craig. as trustee under the deed executed and delivered to him by Sallie P. Craig, July 16th, 1874, the remaining one hundred and twenty-seven one-hundred and forty fourths (127-144) parts thereof. The commissioners in partition will make their report to this court as early as practicable, and upon the coming in of said report any of the parties to this action are at liberty to apply at the foot of this decree for such further orders as may be deemed proper and necessary in the premises.

The following is a description of the land to be partitioned as herein directed, to wit, &c.

Plaintiff appealed on the grounds set forth in the opinion.

*Mr. R. T. Caston,* for appellant.

*Messrs. Newton & McQueen,* contra.

April 19, 1892.   The opinion of the court was delivered by

Mr. Justice McGowan.   This action arose out of litigation heretofore had in the case of Emily H. Wallace *v.* Laura S. Craig *et al.,* 27 S. C., 514, and reference is made to that case for the purposes of this appeal. The plaintiff in that case, after the final decision in this court, obtained an order for the sale of the interest of Mrs. Laura S. Craig in the land described in her complaint, and the same was sold by the sheriff of Chesterfield County, and purchased by John T. McNair, the plaintiff in this action, who received deed of the sheriff, conveying to him "all the right, title, and interest of Laura S. Craig in and to one tract of land, containing 240 acres, more or less," the land as to which this controversy arises.   Thereafter, under judgments obtained against F. B. Craig, one of the children of Mrs. Laura S. Craig, his interest in the aforesaid tract of land was levied and sold ; and the said John T. McNair also became the purchaser of this interest and took sheriff's titles for the same.

Thereupon the said John T. McNair, purchaser of these differ-

ent interests in the land, instituted this action against the defendants, for partition of the land according to the interests of the respective parties. In their answer, the trustee, W. D. Craig, and the defendants, tenants in common under the trust deed, deny the plaintiff's right to have the land partitioned, and further allege that the interest of Fred. B. Craig (one of the children) was not subject to levy and sale under execution. As an affirmative cause of action, the defendants further allege that one Otto F. Weiters is in the unlawful possession of 40 acres of the land embraced in the trust deed aforesaid, that the title to the 40 acres is in W. D. Craig, trustee, and they pray that Weiters be adjudged to surrender the possession of the said 40 acres to the said trustee. At the instance of the defendants, plaintiff was required to amend his complaint so as to include the 40 acres aforesaid, and by making Weiters a party defendant. It was ordered, however, that the complaint should be dismissed as to defendant Weiters, &c.

The judge decreed, that "while Laura S. Craig must be regarded as having exercised her power of disposal, under the trust deed, to the extent of her individual interest in the mortgaged land, as a tenant in common with her children under the trust deed, yet she is still at liberty to exercise her said power of disposal as to the interests of the other tenants in common (her children) under said trust deed. At the date of the execution of the trust deed, Laura S. Craig and her eight children were each entitled, as tenants in common, to the one-ninth of the trust land." But this interest was somewhat enlarged by the death of Sallie P. Russell, one of the tenants in common, prior to the sale under the judgment of foreclosure, &c. "I therefore conclude," says the judge, "that the interest of F. B. Craig in the trust land was not subject to levy and sale, and the plaintiff did not acquire any interest in the tract of land as purchaser under executions against the said Fred. B. Craig. * * * It is ordered and adjudged, that the usual writ in partition do issue, to divide the land in question between the plaintiff, John T. McNair, and the trustee, W. D. Craig, so as to give to the said John T. McNair the share of Mrs. Laura S. Craig in the said lands, and to W. D. Craig, as trustee under the deed executed and delivered to him by Sallie P. Craig,

July 16, 1874, the remainder thereof. The consideration of costs, as between the plaintiff and the defendants, excepting the defendant, O. F. Weiters, reserved," &c.

· From this decree the plaintiff appeals to this court upon the following grounds : 1. His honor erred in holding that Laura S. Craig, having disposed of her interest in the land described in the complaint, was still at liberty to exercise her power of disposal as to the interest of the other tenants in common, her children.   2. His honor erred in holding that Laura S. Craig now has any interest in the land mortgaged by her, having held that she and her children were each entitled to one ninth interest in said land as tenants in common, and that plaintiff had acquired her interest under sale by order of court.   3. He erred in holding that the interest of Fred. B. Craig, as one of said tenants in common, was not liable to levy and sale under execution, and that plaintiff took nothing by purchase at such sale. 4. He erred in holding that the trust imposed on W. D. Craig was not executed, and that he had any interest or title in said land.   5. His honor should have given plaintiff order for partition, giving him the interest of said Fred. B. Craig in said land.   6. He erred in not giving plaintiff judgment for his costs.

The terms of the deed of gift under consideration are very peculiar.   It will be observed that there is created no life estate in the mother, with limitation over to the children, but a direct gift is made in trust, "to hold for the sole and separate use of Mrs. Laura S. Craig and her children," and over all hangs the general power of the mother, Laura S. Craig, to sell, dispose of, and convey the land, to have titles made, and to receive the purchase money without appointing to any uses or any liability to account whatever.   The children have no rights secured to them under what is called the power, which, in its terms, is in fact an absolute gift to the mother.   The only fixed right they have is under the direct gift to Mrs. Laura S. Craig "and her children."

In the case of *Wallace* v. *Craig*, before referred to, in which it was necessary to determine rights under the same instrument, it appeared that Mrs. Craig, a married woman, directed W. D. Craig, named as trustee, to mortgage the tract of land (240 acres) to se-

cure the payment of money borrowed by her; and in the proceed-
ings to foreclose the mortgage, this court, among other things,
held as follows: "We have already endeavored to show that the
general power of disposal to Mrs. Craig, in addition to the original
interest conveyed to her, had the effect of giving her the property
in the land, with the absolute right of disposal in any of the ways
allowed by law. But as that was only accomplished by the union
of the direct gift and the power of disposal, we hold with some
hesitation that her right to encumber the land must be limited to
the interest given to her, which was that of a tenant in common
with her children, and to that extent the mortgage is good and
enforcible."

We do not understand that by thus limiting the right of Mrs.
Craig to encumber the land as to her own share as tenant in com-
mon, there was any intention to declare or even to imply that the
general power of disposal was left hanging over the other shares
of the children, to be exercised by her at some future time. On
the contrary, such limitation upon the force of her attempt to
encumber the whole land must have been imposed in the view
that she only owned one undivided ninth part of the land, and
she could not dispose of the vested interests of her children, and
that the right to dispose of the land exclusively for her own bene-
fit was not in any sense a power in trust, but could be no other
than a power of the class known as appendant or appurtenant
powers, which enable a party to create an estate, which attaches
on his own interest in which the power must take effect out of his
own interest. As Chancellor Kent, vol. 4, page 347, says: "A
total alienation of the estate extinguishes a power appendant or
in gross, as if a tenant for life, with a power to grant leases in
possession, conveys away the estate, the power is gone, for the
exercise of it would be derogatory to his own grant. Even the
conveyance of the whole estate by way of mortgage extinguishes
a power appendant or appurtenant. This is now, after some
controversy, the received doctrine, according to Mr. Sugden,
page 47."

It is quite certain that so much of the power as related to Mrs.
Craig's undivided part of the land is gone. The donee of a power
cannot defeat his own grant. Is there any reason to suppose that

Mrs. Craig intended to divide her power over a single tract of land, and execute only so much of it as covered her own undivided ninth part, leaving the remainder hanging in the air for some future exercise of the power? We confess that we can find no authority for this view, and it would really seem to be a strange result if, after all Mrs. Craig's interest in the land had been sold, she could still retain a power over the remainder substantially equivalent to a gift of the whole property. The act of Mrs. Craig, under which her own interest was disposed of, indicated an intention to dispose of the whole land, and this intention was only defeated by the decree of the court, that she did not have the power to dispose of the vested interests of her children. All the authorities agree that in reference to powers the great principle which governs is the intention. We think that by the act which was effective in disposing of her own share, Mrs. Craig released and extinguished all powers over the remaining lands. See *Atkinson* v. *Dowling*, 33 S. C., 415, and the authorities there cited.

Then the power being out of the way by the sale of all Mrs. Craig's interest in the land, is the interest of the children in what remains legal or equitable? The deed was executed in 1874, when it was unnecessary, under the law then of force, to have a trustee appointed even for the purpose of protecting the interests of a married woman against the marital rights of her husband. Her rights by the constitution are made legal instead of equitable. But it is manifest that the deed was prepared and executed by parties not learned in the law, and as I think their purpose was to create a life estate in the mother, Mrs. Craig, with limitations over to her children, and to carry out that purpose, in accordance with the practice which prevailed before the Constitution of 1868, they appointed a trustee, which they thought was necessary, to protect the rights of Mrs. Craig against the debts of her husband. The terms of the deed show this clearly—"to hold for the sole and separate use, benefit, and behoof of Mrs. Laura S. Craig and her children," are appropriate only to the condition of a married woman who is under disability. These terms are not appropriate to the children, for they were under no disability, and had no need of separate estates.

The deed further declares, that "It is further agreed by and

between the parties, that upon the written request of the said Laura S. Craig, the said W. D. Craig, trustee as aforesaid, may sell. dispose, and convey any part or the whole of the said tract of land, hereby giving him full authority to execute good and sufficient titles thereto and to receive the purchase money, and paying the same over to the said Laura S. Craig or to her order." In reference to the execution of trusts by the statute, the authorities are numerous, but we think that it is not necessary here to go into them fully. The question has lately been under consideration in this court, and we regard the rule to be as stated in *Wieters* v. *Timmons*, 25 S. C., 493: "It has been frequently held, that where the trustee has any duty to perform, to the complete performance of which it is necessary that the legal title shall remain in him, the statute does not apply. On the other hand, when the trustee is charged with no duty in reference to the property conveyed, then the statute does apply, and silently passes the title through the trustee to the *cestui que trust*, or, to be more accurate, to the grantee." See, also, *Ayer* v. *Ritter*, 29 S. C., 136, and *Williman* v. *Holmes*, 4 Rich. Eq., 486. In the case last cited, that of *Williman* v. *Holmes*, after great consideration, it was, among other things, held that "where an estate is devised (or conveyed) to a trustee in fee for the sole use, benefit. and behoof of a married woman for life, and after her death for the sole use, benefit, and behoof of a person or class of persons who are *in esse* and are *sui juris*, the legal estate in fee given to the trustee is cut down to an estate commensurate with the separate estate for life of the married woman (an estate *pur autre vie*), which it is his duty to preserve; and the statute forthwith executes the use as to the residue in the remaindermen, concerning whose interest the trustee has no special duty to perform," &c.

Now, on reading the deed of gift of Sally P. Craig to W. D. Craig. as trustee, "to hold for the sole and separate use, benefit, and behoof of Mrs. Laura S. Craig and her children," we discover no duties to be performed by the trustee, rendering it necessary for the legal estate to remain in him, beyond that of preserving the separate estate of Mrs. Craig. Indeed, the trustee was charged with no duties whatever, but to execute titles to the land upon the written request of Mrs. Craig, and we think that im-

mediately upon the execution of the deed, the trust as to the children was executed, and those living became tenants in common with vested legal interests. This view is only fortified by the fact, that Mrs. Craig has disposed of all her interest in the land, and cannot now give the trustee any direction to sell and convey it. He has no further title in the estate. It is against all the analogies of the law, that an indefeasible estate can be enjoyed by one who is capable of acting *sui juris ;* whatever interest he has is subject as an incident of property to the payment of his debts. *Rivers* v. *Thayer,* 7 Rich. Eq., 136.

The judgment of this court is, that the judgment of the Circuit Court be modified, so as to include in the partition the interest of Fred. B. Craig ; and that the case be remanded to the lower court, so that such orders may be taken as will carry out the conclusions herein announced. The costs to await the termination of the proceedings below,